IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1998 SESSION

FILED

November 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9710-CC-00462 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| VS. | ) | |
| | ) | HON. RICHARD R. BAUMGARTNER, |
| GERALD V. KESSLER, | ) | JUDGE (By Interchange) |
| | ) | |
| Appellee. | ) | (Sentencing) |

FOR THE APPELLANT:       FOR THE APPELLEE:

JOE COSTNER                     JOHN KNOX WALKUP
315 High St.                Attorney General & Reporter
Maryville, TN 37804

                                     ELIZABETH B. MARNEY
                                     Asst. Attorney General
                                     425 Fifth Ave., North
                                     2nd Floor, Cordell Hull Bldg.
                                     Nashville, TN 37243-0493

                                     MICHAEL L. FLYNN
                                     District Attorney General

                                     MS. KIRK ANDREWS
                                     Asst. District Attorney General
                                     Blount County Courthouse
                                     363 Court St.
                                     Maryville, TN 37804-5906

OPINION FILED:_____

AFFIRMED

JOHN H. PEAY,
Judge

# O P I N I O N

On July 28, 1998, the defendant pled guilty to statutory rape and, pursuant to a plea bargain agreement, received a sentence of one year as a Range I standard offender. On September 12, 1997, the trial court held a sentencing hearing and sentenced the defendant to serve three months of his sentence in custody under a work release program and nine months on probation. The defendant now appeals this sentence.

After a review of the record and the applicable law, we affirm the defendant's sentence.

The defendant's conviction stems from his involvement with a young girl. In September of 1995, the defendant met the victim at a football game when she was fifteen years old. Several months later, the defendant began coaching a girls' indoor soccer team. The victim was also involved in soccer and her team often practiced with the team the defendant coached.

A few months later, the defendant and the victim began contacting each other away from soccer practice. They often spoke on the phone or exchanged letters. The defendant would tell the victim "bedtime stories" at night over the phone.[1] On one occasion the defendant, while picking up his daughter from school, gave the victim a sexually explicit letter entitled "Lover's Dream."

The defendant continued his involvement with the victim even after the

---

[1] These "bedtime stories" were described at the sentencing hearing as "phone sex" between the defendant and the victim.

victim's father had asked the defendant not to have any contact with the victim. In June of 1996, the defendant went to a church where the victim was a leader in a Girl Scout Day Camp. The defendant went inside the church and asked one of the adult leaders if he could speak with the victim. The victim left the classroom and went into the hallway where she and the defendant embraced. It was during this embrace that the defendant put his fingers in her vagina.

The defendant now contends that the trial court did not properly consider the sentencing principles and all relevant facts and circumstances and therefore this Court should review this case upon a standard of de novo without a presumption of correctness. Further, the defendant contends he is entitled to full probation or at least a reduction in the time he is required to serve.

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The defendant bears the burden of showing that the sentence was improper. Id. In determining whether the defendant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the defendant's potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-103(5), 40-35-210(b).

The defendant contends that this Court "should review the trial court's sentencing decision upon a standard of de novo without a presumption that the trial court's decision was correct because the trial court did not properly consider the sentencing principles and all relevant facts and circumstances." Specifically, the defendant argues that the trial court did not properly consider the sentencing principle that requires it to presume that the defendant is a favorable candidate for alternative sentencing options, that the trial court improperly based its sentence upon the need for deterrence of others likely to commit similar crimes, and that the trial court improperly sentenced the defendant based on the need to avoid depreciating the seriousness of the crime.

Although the defendant is correct in that the trial judge did not expressly state that the defendant was entitled to a presumption of suitability for alternative sentencing, after a review of the record it is clear the trial judge considered sentencing principles, the defendant's criminal history, the history of this type of crime in the community, the seriousness of the offense as affecting public morals, the defendant's suitability for rehabilitation, and applicable mitigating and enhancement factors. It also appears that the trial judge did presume the defendant was a good candidate for alternative sentencing as the defendant was sentenced to nine months of full probation and three months in a work release program. In light of the foregoing, the trial court's sentence is entitled to a presumption of correctness even though the presumption of suitability for alternative sentencing was not specifically stated by the trial judge.

The defendant further insists that he should have received full probation or a reduced sentence of incarceration "because the offense did not involve force or physical harm and because the defendant who supports two children and is an active

member in his church and community, has no significant criminal history, has cooperated with the police in the investigation of the offense, has taken initiative to seek rehabilitation, and has expressed remorse for his actions."

We note that the defendant has the burden of establishing suitability for full probation. T.C.A. § 40-35-303(b). "To meet the burden of establishing suitability for full probation, the defendant must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)). The defendant has not met this burden.

The defendant's argument that the absence of force or physical harm in this case should be considered as a factor in granting probation is meritless. The defendant pled guilty to statutory rape. This offense does not require the use of force or physical harm.

The defendant's contention that because he supports two children he should be granted full probation is meritless as well. The defendant was sentenced to a work release program while in custody. As such, it is clear the defendant can continue to support his children.

The defendant also contends that because he is an active member in his church and the community he should be granted full probation. We note that it was, in part, the defendant's active participation in the community as a coach on a local team that helped him become acquainted with the victim. This contention is also without merit.

The defendant argues that since he has no significant criminal history, has

cooperated with the police in the investigation, has taken the initiative to seek rehabilitation, and has expressed remorse for his actions, he should be granted full probation. These contentions are also without merit. We note that the defendant continued his relationship with the victim even after her father had asked that he stay away from her. The defendant also gave the victim a Christmas present after he had been in counseling for several months. The defendant actively pursued the victim even going so far as to stand on the top of a hill close to a swimming pool the victim frequented with signs counting the days until her sixteenth birthday.[2]

In light of the foregoing, it is clear the defendant has not established his suitability for full probation. As such, it was not error for the trial court to sentence the defendant to three months in custody on a work release program and nine months on probation.

Accordingly, the defendant's sentences are affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID G. HAYES, Judge

_____

[2] Apparently, the victim's sixteenth birthday was the day the defendant and the victim were to consummate their relationship.